**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30225 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00006-JWS-1 |
| v. | |
| CHARLES RASHID LEE, aka Cheese, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 29, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Charles Rashid Lee appeals his conviction for possession with intent to

distribute a controlled substance. As the parties are familiar with the facts,

procedural history, and arguments, we will not recount them here. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Ciruit Rule 36-3.

There was sufficient evidence from which a rational jury could find Lee guilty beyond a reasonable doubt of possession with intent to distribute a controlled substance on an aiding and abetting theory. First, there was sufficient evidence to convict Montriel Esaw of possession with intent to distribute a controlled substance. Esaw admitted that he was a drug dealer, possessed and sold to at least five persons crack cocaine on the night of September 1, 2007, and intended to continue to distribute crack cocaine had he not been arrested in the early morning of September 2, 2007. This admission was consistent with and supported by testimony of multiple police officers of the Anchorage Police Department and an expert witness.

Second, the government was required to prove that Lee "'in some sort associate[d] himself with the venture, that he participate[d] in it as in something that he wishes to bring about, that he [sought] by his action to make it succeed.'" *United States v. Tran*, 568 F.3d 1156, 1167 (9th Cir. 2009) (quoting *Nye v. Nissen*, 336 U.S. 613, 619 (1949)). Esaw testified that Lee drove him specifically for the purpose of making drug deals on the night of September 1, 2007, saw Esaw measuring and selling crack cocaine, and heard Esaw arranging drug sales on the phone. This testimony was supplemented by further police testimony pointing at Lee's guilt. Furthermore, 19.5 grams of crack cocaine and items associated with

drug distribution were found in Lee's vehicle. This evidence, viewed in the light most favorable to the prosecution, is sufficient for any rational jury to find Lee guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc).

The actions by the prosecutor alleged by Lee to have constituted misconduct were not objected to at trial, so they are reviewed for plain error, which requires that they affected Lee's substantial rights. *United States v. Olano*, 507 U.S. 725, 730-32 (1993). As the government acknowledges, the prosecutor's closing argument cited purported testimony that had not been presented at trial, and the cross-examination of Lee included improper questions regarding the accuracy of the testimony and the truthfulness of other witnesses. Though the errors do not appear to us to have be the product of deliberate misconduct, they were errors, nonetheless. We conclude, however, that these errors did not affect Lee's substantial rights in light of the overwhelming evidence of Lee's guilt. *Compare United States v. Ramirez*, 537 F.3d 1075, 1084-87 (9th Cir. 2008), *with United States v. Combs*, 379 F.3d 564, 572 (9th Cir. 2004).

We decline to address Lee's claim of ineffective assistance of counsel on direct appeal as the record is insufficiently developed and his legal representation was not so inadequate that it can be concluded at this point that it obviously denied

him of his Sixth Amendment right to counsel. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000); *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984).

**AFFIRMED.**